IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-62-GF-BMM-01 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| UDELL CLY, | |
| Defendant. | |

## I. Synopsis

Mr. Cly was accused of violating his conditions of supervised release in six ways: (1) Mr. Cly had unsupervised contact with minors in conflict with his sexual offender treatment contract; (2) Mr. Cly failed to attend scheduled urinalysis testing on multiple occasions; (3) Mr. Cly admitted to consuming marijuana and Percoet, a Schedule II narcotic, without a prescription; (4) Mr. Cly twice had contact with law enforcement officers and both times admitted to consuming alcohol; (5) Mr. Cly failed to notify his probation officer within seventy-two hours of being arrested or questioned by law enforcement officers; and (6) Mr. Cly failed to make payments towards his Court-ordered special assessment fee of $100. Mr. Cly admitted to violations 1–5; however, as to violation six, Mr. Cly admitted to

1

not paying the assessment but stated this was because he was unaware of his obligation to pay the fee. Mr. Cly's supervised release should be revoked. He should be placed in custody for nine months, with 48 months of supervised release to follow.

## II. Status

On November 5, 2014, Mr. Cly pleaded guilty to sex abuse of a minor or ward. On January 21, 2015, United States District Judge Brian Morris sentenced Mr. Cly to eighteen months custody, followed by 60 months of supervised release. (Doc. 53.) Due to credit for time served awaiting sentencing, Mr. Cly's initial term of supervised release began on July 2, 2015. (Doc. 33.) On September 14, 2015, the United States Probation Office filed a Report of Offender Under Supervision notifying the court that Mr. Cly had violated the terms of his supervised release by (1) driving while intoxicated; (2) possessing marijuana and testing positive for methamphetamine; and (3) providing a breath sample that returned positive for alcohol. On September 23, 2015, Judge Morris sentenced Mr. Cly to three months custody, with 57 months of supervised release to follow. (Doc. 74.) His second term of supervised release commenced on April 14, 2016.

**Petition**

On August 16, 2016, the United States Probation office filed a Petition for

Warrant or Summons and Order alleging that (1) Mr. Cly had unsupervised contact with minors in conflict with his sexual offender treatment contract; (2) Mr. Cly failed to attend scheduled urinalysis testing on multiple occasions; (3) Mr. Cly admitted to consuming marijuana and Percoet, a Schedule II narcotic, without a prescription; (4) Mr. Cly twice had contact with law enforcement officers and both times admitted to consuming alcohol; (5) Mr. Cly failed to notify his probation officer within seventy-two hours of being arrested or questioned by law enforcement officers; and (6) Mr. Cly failed to make payments towards his Court-ordered special assessment fee of $100.

**Initial appearance**

Mr. Cly appeared before the undersigned on August 23, 2016, in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied him. Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Cly said he had read the petition and understood the allegations. Mr. Cly waived the preliminary hearing, and the parties consented to proceed immediately with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Cly admitted that he violated the conditions of his supervised release. The violations are serious and warrant revocation of Mr. Cly's supervised release.

Mr. Cly's violation grade is Grade C, his criminal history category is II, and his underlying offense is a Class C felony. He could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for 60 months to life, less any custody time imposed. The United States Sentencing Guidelines call for four to ten months in custody.

Mr. Arvanetes recommended a sentence within the guideline range. Mr. Weldon recommended a sentence within the guideline range with supervised release to follow.

### III. Analysis

Mr. Cly's supervised release should be revoked because he admitted violating its conditions. Mr. Cly should be sentenced to nine months of incarceration, with forty-eight months of supervised release to follow. This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

### IV. Conclusion

Mr. Cly was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Cly's objection, if it is filed within the

allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

1. Udell Cly violated special conditions of his supervised release by having unsupervised contact with minors, failing to attended scheduled uranalysis testing, and consuming alcohol.

2. Udell Cly violated standard conditions of his supervision when he consumed marijuana and percocet, failed a Breathalyzer exam, and failed to notify his probation officer of his contact with law enforcement.

3. Udell Cly failed to make payments towards his Court-ordered financial obligation.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Cly's supervised release and committing Mr. Cly to the custody of the United States Bureau of Prisons for nine months, with forty-eight months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo

determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 29th day of August, 2016.

_____
John Johnston
United States Magistrate Judge