FILED

SEP 14 2016

Clerk, U.S District Court
District Of Montana
Great Falls

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>UDELL CLY,<br><br>Defendant. | CR 12-62-GF-BMM<br><br>**ORDER** |

This case was referred to United States Magistrate Judge John Johnston for a revocation hearing and findings and recommendations. Judge Johnston entered his Findings and Recommendations on August 29, 2016. Defendant admitted that he had violated the conditions of his supervised release in five ways: (1) he had unsupervised contact with minors; (2) he failed to attend scheduled urinalysis testing on multiple occasions; (3) he used both marijuana and Percoet, without a prescription; (4) he consumed alcohol on two occasions; and (5) he failed to notify his probation officer of his contact with law enforcement officers. Judge Johnston found the admissions sufficient to establish the alleged supervised release violations. He recommended that this Court revoke Defendant's supervised release and commit him to the custody of the United States Bureau of Prisons for a term of imprisonment of nine months, with 48 months of supervised release to follow.

Defendant filed a timely objection. (Doc. 91). Defendant objects to the length of imprisonment imposed. Defendant argues that Judge Johnston should have been sentenced him to six months in custody, rather than nine months, because he needs to "work and earn money for his 11-week-old child," and he was "honest and forthcoming in discussing his violations" with his probation officer. *Id.* at 2-3. The Government filed a response to the objection. (Doc. 92).

The Court reviews *de novo* findings and recommendations to which a defendant objects. 28 U.S.C. § 636(b)(1). Findings and recommendations to which no objection is made are reviewed for clear error. *McDonnell Douglas Corp. Commodore Bus. Mach, Inc.,* 656 F.2d 1309, 1319 (9th Cir. 1981). For the reasons stated below, this Court adopts Judge Johnston's Findings and Recommendations in full.

This the second time that Defendant's supervise release has been revoked. The Court revoked Defendant's supervise release on September 23, 2015, after Defendant admitted that he had violated the terms of his supervision by driving while intoxicated, possessing marijuana, testing positive for methamphetamine, and consuming alcohol. (Docs. 74, 84 at 1). The Court sentenced the Defendant to a below-guideline sentence of three months imprisonment,

followed by 57 months of supervised release. (Doc. 74).

Defendant could be incarcerated for up to 36 months on the current supervised release violations. Defendant could be ordered to remain on supervised release for 60 months to life, less any custody time imposed. The United States sentencing guidelines call for a term of imprisonment of 4 to 10 months. The Court finds that a term of imprisonment of 9 months, followed by 48 months of supervised release is appropriate. A sentence of 9 months in custody is appropriate because Defendant previously violated the terms of his supervised release. A 48 month period of supervision is appropriate because it will help Defendant find employment and develop life skills, and it will provide Defendant the support and structure needed to address his substance abuse issues. The recommended sentence is sufficient but not greater than necessary.

IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 90) are ADOPTED in full. Judgment shall be entered accordingly.

DATED this 13th day of September, 2016.

Brian Morris
United States District Court Judge